UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY YOUNG,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. C08-1256-JCC-JPD

REPORT & RECOMMENDATION

Petitioner is a state prisoner who has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 4). According to the petition, petitioner was convicted in 2003 of attempted child molestation and sentenced to life imprisonment under Washington's Persistent Offender statute. Petitioner states in his habeas petition that on August 13, 2008, he raised in state court, via a petition for collateral relief, the same grounds that he seeks to raise here. (Dkt. No. 4 at 6, 8, 10).

In order to present a claim to a federal court for review in a habeas corpus petition, a petitioner must first have presented that claim to the state court. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement has long been recognized as "one of the pillars of federal habeas corpus jurisprudence." *Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 984 (9th Cir.) (citations omitted), *cert. denied*, 525 U.S. 920 (1998). Underlying the exhaustion requirement is the principle that, as a matter of comity, state courts must be afforded "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981).

REPORT & RECOMMENDATION
PAGE 1

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. *See* 28 U.S.C. § 2254(b)-(c); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted. *See id.* Moreover, the rule in *Sherwood* applies whether or not the issue raised in the pending state petition is included in the federal petition because a pending state court challenge may result in the relief the petitioner seeks, thereby mooting the federal petition. *See id.*

As petitioner has a petition for collateral relief pending in the state court, the instant petition for a writ of habeas corpus is premature and should be dismissed without prejudice to refiling once all state court post-conviction challenges to petitioner's conviction have been completed. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted); *see also Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*). A proposed Order reflecting this recommendation is attached.

DATED this 12th day of September, 2008.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE 2